IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. 3:05-CR-332-G |
| | | Judge Fish |
| KENNETH REVEN MCCLAIN | § | |

## DEFENDANT'S MOTION TO SUPPRESS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, KENNETH REVEN MCCLAIN, individually and by undersigned counsel, respectfully requests the Court to suppress the following evidence seized as a result of Defendant's arrest and search of his person search of vehicle, and identification by Andrew Hamann after the arrest by United States Postal Inspectors in the City of Dallas, Dallas County, Texas on or about November 30, 2005, to wit:

1. All physical evidence taken from Defendant's person at 12121 Coit Road, Dallas, Homestead Studio Suites Hotel, including, but not limited to, Government's Exhibits numbers: 13, 31, 33, 34, 35, 36, on or about the November 30, 2005 by Postal Inspectors, were obtained as a result of illegal arrest. *U.S. v. Al Dac Ho*, 94 F3d 932 (1996); *U.S. vs. Smith*, 714 F.Supp. 1393 (1989)

2. All physical evidence taken from a maroon Chevrolet pick up truck with Texas license plate number 5SW K53, including, but not limited to, Government's Exhibits numbers: 37, 40, 41, 42, 51, 80, on or about November 30, 2005, were obtained as a result of illegal search and seizure lacking probable cause and exigent circumstances. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022 (1971) Additionally, all evidence that was obtained as a direct result of the evidence seized in the pickup

truck.

3. Identification of Defendant by Andrew Hamann was a result of improper and highly suggestive identification. <u>U.S. v. Wade</u>, 388 U.S. 218, 87 S.Ct. 1926 (1967)

**STATEMENT OF FACTS**

On November 30, 2005, Andrew Hamann was ordered by the Postal Inspectors to call an individual named "Jessie" to come to pick up packages at his hotel room. Defendant was observed arriving at 12121 Coit Road, Dallas, Texas 75251 in a maroon truck. The truck was properly parked in the extended stay parking lot. Defendant was then observed to come towards Mr. Andrew Hamann's room, and upon knocking on the door of Mr. Andrew Hamann's room, the door was opened and he was faced with officers with their guns drawn and pointing at him identifying themselves as police officers. Defendant ran but was quickly captured. He was then arrested. Defendant was later indicted for Conspiracy to Defraud the United States by Aiding in the Filing of False Claims, 18 U.S.C. 286, and Filing False Claims Against an Agency of the United States, Aiding and Abetting, 18 U.S.C. 287, Frauds and Swindles, 18 U.S.C. 1341, Fictitious Name or Address, 18 U.S.C. 1342.

After being placed in custody, Defendant was Mirandized. Defendant invoked his right to remain silent and refused to answer any questions posed. At this point, postal inspectors conducted a search of his person and found, among other items, multiple identification cards, cellular telephone, yellow Post-in note which read, "Jessie 214.680.3166", a paper with a list of individual's names.

Defendant was in handcuffs when Mr. Andrew Hamann identified Defendant as a person known by the name "Jessie".

On the same date, Postal Inspectors impounded the truck allegedly belonging to

Defendant, which was properly parked in the parking lot of Homestead Studio Suites Extended Stay Hotel, 12121 Coit Road, Dallas, TX 75251. During the impounding of the truck, Postal Inspector Vasquez saw two USPS Forms 1583 entitled "Application for Delivery of Mail through Agent", six USPS Priority Mail envelopes, and two drivers' license/identification cards.

## ANAYLYSIS IN SUPPORT OF MOTION TO SUPPRESS

1. <u>Postal Inspectors have no legal authority to make warrantless arrest of Defendant when Defendant did not commit criminal offense against the United States in their presence</u>

Postal Inspectors' authority to make arrests is statutorily based. Title 18 U.S.C. § 3061 states that Postal Inspectors investigating into criminal matters may:

> "(2) make arrests without warrant for offenses **against the United States** committed in their presence;
>
> (3) make arrests without warrant for **felonies** cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such a felony;" [emphasis added]

Subparagraph (2) specifically limits the Postal Inspectors authority to make warrantless arrests based on <u>federal</u> criminal offense that is committed <u>in their presence</u>. In this instance, Defendant merely knocked on the door of Mr. Hamann's hotel room when the door was opened by officers with guns drawn and pointing at him. There were no inquiries after he was stopped as to why he ran, nor were there any inquiries as to why he was at Mr. Hamann's room prior to the arrest. In fact, there was no investigation once Defendant knocked on the door. Defendant committed no federal criminal offenses when he fled after being startled. Even if arguably Defendant's flight due to shock is considered to be a criminal offense, it nevertheless does not give rise to a federal offense that authorizes the arrest. The Postal Inspectors' arrest of the Defendant is thus lacked statutory authority and probable cause and was therefore invalid.

2. <u>Postal Inspectors have no legal authority to make warrantless arrest of Defendant when there were no reasonable grounds to believe Defendant had committed or was committing a federal felony</u>

Subparagraph (3) authorizes Postal Inspectors to make warrantless arrest for federal felonies committed or in commission at the time of the arrest that they have "reasonable grounds". This Court has interpreted the statute "reasonable grounds" to be the same as "probable cause" *U.S. v. Gibson*, 462 F.2d 400 (5th Cir. 1972). Probable cause requires more than "a bare suspicion of wrongdoing". *U.S. v. Al Dac Ho*, 94 F3d 932 (1996). Where the officers act without a warrant, it is the government who bears the ultimate burden of proving that the officer had probable cause. *Id.* Probable cause is determined by an objective test; it cannot be established simply by showing that the police subjectively believed that probable cause existed. *Id.*

In *Smith*, Defendant Smith was arrested by Drug Enforcement Agency with possession of cocaine. In order to arrest the individuals the contraband was intended, the agents allowed Smith to make calls to attempt to contact the unknown individual to set up a meeting. Smith communicated with Carmen Green whom affirmed his identity on the phone as "Carmen". They made arrangements to meet at DFW airport. Defendant Smith then asked Green to bring the "Marvin" with him, the name of which the agents recognized. Carmen Green brought along Hansen to meet with Smith. Hansen was arrested and later searched. The court held that "none of these facts, singularly or collectively, are sufficient to occasion a person of reasonable prudence to believe an offense had been committed by Hansen. Each of these facts merely associates Hansen with Defendant Green." The Court further stated that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person." *U.S. vs. Smith*, 714 F. Supp. 1393 (1989).

In this instance, Mr. Hamann called a person named "Jessie" to come and pick up packages. It is arguable that when Defendant knocked on the hotel room door that the

Postal Inspectors may have developed a reasonable suspicion as to Defendant's identity. However, without making any further inquiries, Postal Inspectors had no probable cause to believe that the person who knocked on the door was involved in a conspiracy to present false, fictitious or fraudulent claims against FEMA. By pointing the gun at Defendant, their intent was not to investigate further, but rather, to arrest Defendant for a federal criminal offense. The fact that a quick chase and an immediate arrest and *Miranda* warning after capture is evident that the Postal Inspectors would not have made any additional inquiries even if Defendant did not run. Thus, at the point of Postal Inspectors' arrest of Defendant, they could not have developed probable cause for the arrest for a federal criminal offense, nor could they have developed a probable cause for the arrest of Defendant based on a federal felony. The arrest, is therefore, invalid.

3. <u>The search of Defendant's person and seizure of the vehicle is fruit of the poisonous tree as the arrest was illegal.</u>

Fourth Amendment of the U.S. Constitution protects the "right of the people to be secure in their persons . . . against unreasonable searches and seizures." As the U.S. Supreme Court stated most eloquently:

> The essence of that protection is a prohibition against some modes of law enforcement because the cost of police intrusion into personal liberty is too high, even though the intrusion undoubtedly would result in an enormous boon to the public if the efficient apprehension of criminals were the sole criterion to be considered. 'The easiest course for [law enforcement] officials is not always one that our Constitution allows them to take.' *Wolfish*, 441 U.S. at 595.

In reviewing all counts of the indictment against the Defendant, it would appear that all of which requires the government to prove fraud of some type. However, there could not have been any means of obtaining probable cause for the elements of crime Defendant is currently indicted at the point of his arrest by the Postal Inspectors. Nor could there have been a reason to believe that Defendant had committed fraud or was in the commission of fraud. While the Postal Inspectors may reasonably have suspected an association of Defendant with Andrew Hamann, but the

propinquity of Andrew Hamann's criminal activity, without more, does not rise to the level of probable cause for the arrest nor the later conducted search.

The search of the vehicle is fruit of the poisonous tree as well. The entire basis to support impounding the pickup that the Defendant arrived in, is solely based on the illegal arrest of the Defendant. If the Defendant had not been arrested, there would be no legal basis to justify impounding the vehicle and then conducting an inventory search of the pickup. Furthermore, the search warrant that was obtained to search the truck is still fruit of the initial illegal arrest of the Defendant. The affidavit in support of the search warrant refers back to the initial arrest as a basis to search the truck. Since there was no probable cause to arrest the Defendant in the first place, there was no justification to search the contents of the truck.

Finally, all the subsequent search warrants obtained by Postal Inspector Terry to open the contents of mail that he recovered are tainted because the initial illegal arrest of the Defendant forms the probable cause for issuance of the search warrant and the documents illegally seized in the pickup truck then formed the probable cause for the subsequent searches. It is clear that the taint of the illegal arrest of the Defendant, the illegal search of his person and the illegal search of the pickup truck led to the discovery of the evidence the Government is relying to prove its case against the Defendant.

In this instance, the Postal Inspectors made several assumptions to arrive at their conclusion that Defendant was "Jessie" and "Jessie" was the person who committed fraud. But, in dealing with the constitutional right of an individual, the most efficient means of capturing wrongdoers is not what ensures the protection of our liberty and person. The underlying emphasis of the Fourth Amendment is to <u>protect</u> rather than to <u>enforce</u>.    As protection extends to all, whether the person has or has not committed an offense, it should definitely protect Defendant of this case. As the evidence seized were a result of an illegal arrest, violating Defendant's rights under the U.S. Constitution, said evidenced obtained from the illegal arrest should be suppressed.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Court set this motion for a hearing prior to trial and that subsequent to said hearing this Court order all evidence seized from Defendant's person, from the above stated vehicle, and all testimony regarding such search and seizure by Postal Inspectors, including Jeffrey K. Terry, and his agents and all other persons working in connection with such officers and agents as to the finding of any physical evidence above stated, be suppressed at trial.

                Respectfully submitted,

                LAW OFICE OF JAMES P. WHALEN, P.C.


                _____/S/_____
                JAMES P. WHALEN
                TEXAS BAR CARD NO. 00794837
                5700 W. Plano Pkwy., Suite 1000
                Plano, Texas 75093
                Telephone: (214) 368-2560
                Facsimile: (972) 381-2781

                COUNSEL FOR DEFENDANT
                KENNETH REVEN MCCLAIN

## CERTIFICATE OF CONFERENCE

This is to certify that undersigned counsel has conferred with Chad Meacham, Esq. the Assistant United States Attorney in charge of this case, and is authorized to state that the Government will respond in writing to this motion.

SIGNED this the 14th day of April, 2006.

                                              s/James P. Whalen
                                              JAMES P. WHALEN

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion was delivered to Chad Meacham, Esq., Assistant U.S. Attorney, 1100 Commerce Street, Dallas, Texas 75242, on this the 14th day of April, 2006.

                                              s/James P. Whalen
                                              JAMES P. WHALEN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. 3:05-CR-332-G |
| | | Judge Fish |
| KENNETH REVEN MCCLAIN | § | |

ORDER

ON THIS DAY came on to be heard, the Defendant's Motion to Suppress Evidence Obtained by Unlawful Search and Seizure; upon consideration of same, the Court is of the opinion that said motion should be and the same is hereby:

GRANTED               DENIED, to which action the Defendant timely noted an objection.

SIGNED this _____ day of _____, 2006.


_____
JUDGE PRESIDING


**ORDER** – Page Solo