UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CR-332-G |
| KENNETH REVEN McCLAIN, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are nine pretrial motions that the defendant filed on April 14,

2006.  They are:

1. Motion for Disclosure and Notice of Evidence of Other
   Crimes, Wrongs or Acts (Rule 404B) and Brief in Support
   Thereof;

2. Motion for Production of Evidence Favorable to the
   Accused and Brief in Support Thereof;

3. Motion for Disclosure of Records or Reports Relating to
   Facts or Data Underlying Expert Opinions and
   Incorporated Memorandum of Law;

4.      Motion for Production of Statements of Witnesses (18 U.S.C. § 3500) and Brief in Support Thereof;

5.      Motion to Determine Admissibility of Statements or Confessions of Defendant;

6.      Motion to Disclose Electronically Recorded Material;

7.      Motion to Disclose Grants of Immunity and Brief in Support Thereof;

8.      Motion to Disclose Plea Bargain Agreements and Brief in Support Thereof; and

9.      Motion to Request Preliminary Hearing on the Admissibility of Evidence of Other Crimes, Wrongs or Acts and Brief in Support Thereof

(collectively referred to as "Motions").

The government responded to the Motions on April 21, 2006.  Additionally, the government made a request for reciprocal discovery pursuant to Rule 16(b) and 26.2 of the Federal Rules of Criminal Procedure.  Government's Response to Pre-Trial Motions and Request for Reciprocal Discovery ("Response") at 5.

The defendant's motions for production of evidence favorable to the accused, to disclose grants of immunity, and to disclose plea bargain agreements (Nos. 2, 7, and 8 above) are **GRANTED** to the extent authorized by FED. R. CRIM. P. 12(b)(4)(B), 16, and 26.2, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1973) and its progeny, but are otherwise **DENIED**.

The government does not oppose the defendant's motions for disclosure of records or reports relating to facts or data underlying expert opinions, for production of statements of witnesses (18 U.S.C. § 3500), to determine admissibility of statements or confessions of defendant, and to disclose electronically recorded material (Nos. 3, 4, 5, and 6 above). Accordingly, these motions are **GRANTED**.

Because the government does not oppose the defendant's motions for disclosure and notice of evidence of other crimes, wrongs, or acts (Rule 404(b)) and to request preliminary hearing on the admissibility of evidence of other crimes, wrongs or acts (Nos. 1 and 9), they too will be **GRANTED**. However, the government, in its response, states that it "does not plan on offering any evidence related to extraneous offenses without first having a hearing outside the presence of the jury to determine the admissibility of such evidence." Response at 4. At this time, there is no reason for a hearing to be set. If, at any time before or during the trial, the government decides to offer evidence relating to extraneous offenses, it shall first request a hearing outside of the presence of the jury to determine the admissibility of such evidence.

The government requests that the defendant "provide reciprocal discovery pursuant to Rule 16(b) and 26.2 of the Federal Rules of Criminal Procedure." Response at 5. The government's request is **GRANTED** to the extent authorized by FED. R. CRIM. P. 16(b) and 26.2, but is otherwise **DENIED**.

**SO ORDERED**.

May 10, 2006.

A. JOE FISH
CHIEF JUDGE