UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 1 8 2006

CLERK, U.S. DISTRICT COURT
By _____ *SW*
            Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CR-332-G |
| KENNETH REVEN McCLAIN | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

## COURT'S INSTRUCTIONS TO THE JURY

**MEMBERS OF THE JURY:**

In any jury trial there are, in effect, two judges. I am one of the judges; the

other is the jury. It is my duty to preside over the trial and to determine what

evidence is proper for your consideration. It is also my duty at the end of the trial to

explain to you the rules of law that you must follow and apply in arriving at your

verdict.

You, as jurors, are the judges of the facts. But in determining what actually

happened -- that is, in reaching your decision as to the facts -- it is your sworn duty

to follow all of the rules of law as I explain them to you. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

In the following instructions, I will first give you some general instructions which apply in every case, such as instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## Burden of Proof

The defendant in this case has been charged with fourteen counts of violating federal criminal law, namely, one count of conspiracy to defraud the United States by aiding in the filing of false claims, two counts of filing false claims against an agency of the United States, four counts of mail fraud, three counts of use of postal fictitious name or address in connection with unlawful activities, and four counts of aggravated

identity theft. The superseding indictment, however, is simply a description of the charges made by the government against the defendant; it is not evidence of the defendant's guilt. Indeed, the defendant is presumed by the law to be innocent. The presumption of innocence means that the defendant starts the trial with a clean slate. In other words, I instruct you that the defendant must be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt. Unless you are satisfied beyond a reasonable doubt that the defendant is guilty, the presumption of innocence alone is sufficient to find him not guilty.

The law does not require the defendant to prove his innocence or to produce any evidence at all, and no inference whatever may be drawn from the election of the defendant not to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would

- 3 -

be willing to rely and act upon it without hesitation in the most important of your own affairs.

The Evidence

As previously stated, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.

Remember that any statements, objections, or arguments made by the lawyers are not evidence. If a lawyer has asked a witness a question that contains an assertion of fact, you must not consider the assertion as evidence of that fact unless the witness has affirmed or adopted it by his or her answer. In other words, the lawyer's statements in asking a question are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## Credibility, Impeachment, Weight of the Evidence

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial. If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements were true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

## Certain Testimony Subject to Special Scrutiny

The testimony of someone who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by you with greater care and caution than the testimony of ordinary witnesses. You should never convict the defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

Also, the testimony of an alleged accomplice, or the testimony of one who provides evidence against the defendant for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by you with greater care and caution than the testimony of ordinary witnesses. You must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received or expects to receive as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict the defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## Definition of Certain Terms

You will note that the superseding indictment charges that the offenses in this case were committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses charged were committed on a date reasonably near the date alleged in the superseding indictment.

The word "knowingly," as that term is used in these instructions, means that the act to which it refers was done voluntarily and intentionally and not because of mistake or accident.

## Consider Only Crimes Charged

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the superseding indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## Consider Each Count Separately

A separate crime is charged in each count of the superseding indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

### Punishment Not Your Concern

Also, the punishment provided by law for the offenses charged in the superseding indictment is a matter exclusively within my province, and should never be considered by you in any way arriving at an impartial verdict as to the guilt or innocence of the defendant in this case.

### Identification Testimony

In any criminal case the government must prove not only the essential elements of the offenses charged, as hereafter defined, but must also prove, of course, the identity of the defendant as the perpetrator of the alleged offenses.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified.  You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself, including, for example, the manner in which the defendant was presented to the

witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of any offense charged, you must find the defendant not guilty of that offense.

<u>Superseding Indictment Not Evidence</u>

Please remember that the superseding indictment is not evidence; a copy of it will be provided to you during your deliberations only so that you will know exactly what the defendant in this case is charged with doing.

<u>The Charges in the Superseding Indictment</u>

<u>Count One</u>
<u>*Conspiracy to Defraud the United States by Aiding*</u>
<u>*in the Filing of False Claims 18 U.S.C. § 287*</u>

Count One of the superseding indictment charges the defendant with conspiracy to defraud the United States, by obtaining or aiding in obtaining, the payment or allowance of any false, fictitious or fraudulent claim, in violation of 18 U.S.C. § 286.

18 U.S.C. § 286 provides:

> Whoever enters into any agreement, combination, or conspiracy to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim, shall be [guilty of any offense against the United States].

- 11 -

The Federal Emergency Management Agency is a department or agency of the United States within the meaning of this law.

For you to find the defendant guilty of the crime charged in Count One, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> First:  That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the superseding indictment;
>
> Second:  That the defendant, knowing the unlawful purpose of the plan, willfully joined in it; and
>
> Third:  That the object of the unlawful plan was to defraud the United States, or a department or agency thereof, by obtaining, or aiding in obtaining, the payment or allowance of a claim which is based on a false or fraudulent material fact.

A fact is "material" if it is an important fact -- as distinguished from some unimportant or trivial detail -- and has a natural tendency to influence, or was capable of influencing, the decision of the department or agency in making a determination required to be made.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If the defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

On the other hand, mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

- 13 -

Counts Two and Three
*False Claims Against An Agency of the United States*
*18 U.S.C. § 287*

Counts Two and Three of the superseding indictment each charge that on or about the 21st day of October, 2005, defendant Kenneth Reven McClain submitted a fraudulent claim to the United States by representing to the Federal Emergency Management Agency material facts which the defendant knew to be false.

18 U.S.C. § 287 provides:

> Whoever makes or presents to any person . . . in the civil . . . service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be [guilty of an offense against the United States].

The Federal Emergency Management Agency is a department or agency of the United States within the meaning of this law.

For you to find the defendant guilty of the crime charged in these counts, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> First: That the defendant knowingly presented to the Federal Emergency Management Agency a false or fraudulent claim against the United States;
>
> Second: That the defendant knew that the claim was false or fraudulent; and
>
> Third: That the false or fraudulent claim was material.

- 14 -

A claim is "material" if it has a natural tendency to influence, or is capable of influencing, the agency to which it was addressed. It is not necessary to show, however, that the government agency was in fact deceived or misled.

To make a claim, the defendant need not directly submit the claim to an employee or agency of the United States. It is sufficient if the defendant submits the claim to a third party knowing that the third party will submit the claim or seek reimbursement from the United States or a department or agency thereof.

### Aiding and Abetting

The defendant is charged in Counts Two through Seven with aiding and abetting the commission of the offenses charged in those counts, in violation of 18 U.S.C. § 2.

18 U.S.C. § 2 provides:

> (a)    Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

> (b)    Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by

acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before the defendant may be held criminally responsible for the acts of others, however, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime. Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offenses charged in Counts Two through Seven, as defined in these instructions, was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of aiding and abetting in Counts Two and Three, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> First:  That the offense of Filing a False Claim Against the Federal Emergency Management Agency (Counts 2 - 3) was committed by some person or persons;

> Second:  That the defendant associated with the criminal venture;

> Third:  That the defendant purposefully participated in the criminal venture; and

> Fourth: That the defendant sought by action to make the venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.  This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

<u>Counts Four through Seven</u>
<u>*Mail Fraud*</u>
<u>*18 U.S.C. § 1341*</u>

Counts Four through Seven of the superseding indictment charge that Kenneth

Reven McClain used the mails in carrying out a scheme to defraud, in violation of 18

U.S.C. § 1341.

18 U.S.C. § 1341 provides:

> Whoever, having devised or intending to devise any
> scheme or artifice to defraud, or for obtaining money . . .
> by means of false or fraudulent pretenses, representations,
> or promises, . . . for the purpose of executing such scheme
> or artifice or attempting so to do, places in any post office
> or authorized depository for mail matter, any matter or
> thing whatever to be sent or delivered by the Postal
> Service, or deposits or causes to be deposited any matter or
> thing whatever to be sent or delivered by any private or
> commercial interstate carrier, or takes or receives
> therefrom, any such matter or thing, or knowingly causes
> to be delivered by mail or such carrier according to the
> direction thereon, or at the place at which it is directed to
> be delivered by the person to whom it is addressed, any
> such matter or thing, shall be [guilty of an offense against
> the United States].

For you to find the defendant guilty of the crime charged in these counts, you

must be convinced that the government has proved each of the following beyond a

reasonable doubt:

> <u>First</u>:  That the defendant knowingly created a scheme to
> defraud, as is described in the superseding indictment, for
> obtaining money by making false statements;

- 18 -

Second:  That the defendant acted with a specific intent to
defraud;

Third:  That the defendant mailed something, caused
another person to mail something, or sent or caused to be
sent something by a private or commercial interstate
carrier, for the purpose of carrying out the scheme or
attempting to carry out the scheme; and

Fourth: That the scheme to defraud employed false material
representations.

A "scheme to defraud" includes any scheme to deprive another of money, property, or of the intangible right to honest services by means of false or fraudulent pretenses, representations, or promises.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.  A representation is also "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the superseding indictment concerning the precise nature and purpose of the scheme, or that the mailed material was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the mail was intended as

the specific or exclusive means of accomplishing the alleged fraud.  What must be

proved beyond a reasonable doubt is that the defendant knowingly devised or

intended to devise a scheme to defraud that was substantially the same as the one

alleged in the superseding indictment, and that the use of the mails was closely

related to the scheme, in that the defendant either mailed something or caused it to

be mailed in an attempt to execute or carry out the scheme.  To "cause" the mails to

be used is to do an act with knowledge that the use of the mails will follow in the

ordinary course of business or where such use can reasonably be foreseen even though

the defendant did not intend or request the mails to be used.

Each separate use of the mails in furtherance of a scheme to defraud

constitutes a separate offense.

### Aiding and Abetting

The instructions on aiding and abetting above apply to Counts Four through

Seven.

For you to find the defendant guilty of aiding and abetting in Counts Four,

Five, Six, or Seven, you must be convinced that the government has proved each of

the following beyond a reasonable doubt:

> First:  That the offense of Mail Fraud (Counts 4-7) was
> committed by some person or persons;
>
> Second:  That the defendant associated with the criminal
> venture;

- 20 -

<u>Third</u>:  That the defendant purposely participated in the criminal venture; and

<u>Fourth</u>:  That the defendant sought by action to make the venture successful.

Counts Eight through Ten
*Use of Postal Fictitious Name or Address in Connection*
*with Unlawful Activities 18 U.S.C. § 1342*

Counts Eight through Ten of the superseding indictment charge that the defendant used a postal fictitious name or address in carrying out a scheme to defraud, in violation of 18 U.S.C. § 1342.

18 U.S.C. § 1342 provides:

> Whoever, for the purpose of conducting, promoting, or carrying on by means of the Postal Service, any scheme or device mentioned in section 1341 of this title . . . uses or assumes, or requests to be addressed by, any fictitious, false, or assumed . . . name, or address, or address or name other than his own proper name, . . . shall be [guilty of an offense against the United States].

For you to find the defendant guilty of the crime charged in these counts, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>:  That the defendant knowingly used or assumed, or requested to be addressed by, a fictitious or false name and address, other than his own proper name and address; and

<u>Second</u>:  That the defendant did so for purposes of conducting, promoting, and carrying on, by means of the United States Postal Service, the scheme to defraud.

- 21 -

Each separate use of a postal fictitious name in furtherance of a scheme to defraud constitutes a separate offense.

<u>Counts Eleven through Fourteen</u>
<u>*Aggravated Identity Theft*</u>
<u>*18 U.S.C. § 1028A*</u>

Counts Eleven through Fourteen of the superseding indictment charge that the defendant knowingly possessed and used, without lawful authority, a means of identification of another person during and in relation to the offenses charged in Counts Four and Six (Mail Fraud) and Counts Eight, Nine and Ten (Use of a Postal Fictitious Name or Address).

18 U.S.C. § 1028A provides:

> Whoever, during and in relation to [mail fraud or related crimes] . . ., knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall [be guilty of an offense against the United States].

For you to find the defendant guilty of the crime charged in these counts, the government must prove each of the following elements beyond a reasonable doubt:

> <u>First</u>:  That the defendant knowingly possessed or used a means of identification of another person;
>
> <u>Second</u>:  That the defendant possessed or used each means of identification during and in relation to the federal felony offense of Mail Fraud or Use of a Postal Fictitious Name or Address in Connection with Unlawful Activities, as alleged in the superseding indictment; and

<u>Third</u>:  That the defendant did not have lawful authority
to possess and use each such means of identification.

Each separate use of false identification during and in relation to such a federal

felony without lawful authority constitutes a separate offense.

<u>Jury Deliberations</u>

To reach a verdict, all of you must agree.  That is, your verdict must be

unanimous.  Your deliberations will be secret.  You will never have to explain your

verdict to anyone.

It is your duty as jurors to consult with one another and to deliberate in an

effort to reach agreement if you can do so without violence to individual judgment.

Each of you must decide the case for yourself, but only after an impartial

consideration of the evidence in the case with your fellow jurors.  In the course of

your deliberations, do not hesitate to re-examine your own views and to change your

opinion if you are convinced it is erroneous.  On the other hand, do not surrender

your honest conviction as to the weight or effect of the evidence solely because of the

opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times, that you are not partisans.  You are judges -- judges of

the facts.  Your sole interest is to seek the truth from the evidence in this case.

As soon as I finish giving these instructions, you will retire to the jury room.

In a few minutes, I will send to you the original of this charge and the exhibits that

have been admitted into evidence.  Do not begin your deliberations until you have

received these materials.  After you have received from the court the original and copies of this charge, copies of the superseding indictment, and the exhibits admitted into evidence, you should select one of your number to act as your foreperson.  He or she will preside over your deliberations and will be your spokesperson here in court.

During the trial, you were allowed to take notes.  If you took notes during the trial, you should not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

A verdict form has been prepared for your convenience.  When you have reached unanimous agreement as to your verdict, have your foreperson fill in the verdict form, date and sign it, and contact the court security officer.  Keep the verdict form and do not reveal your verdict until you are returned to the courtroom and instructed to do so by the court.

If during your deliberations you wish to communicate with the court, your message or question must be written down and signed by your foreperson.  Pass the

note to the court security officer, who will bring it to me.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, that any note you might send must never state or specify your numerical division at that time.

May __17__, 2006.

_A. Joe Fish_

A. JOE FISH
CHIEF JUDGE