UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CR-332-G |
| KENNETH REVEN McCLAIN, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions of the defendant Kenneth Reven McClain ("the defendant" or "McClain") for a judgment of acquittal, an arrest of judgment, and a new trial pursuant to FED. R. CRIM. P. 29, 33, 34.  For the reasons stated below, the motions are denied.

## I.  BACKGROUND

On May 18, 2006, McClain was convicted of one count of conspiracy to commit fraud in violation of 18 U.S.C. §286; two counts of filing false claims against an agency of the United States in violation of 18 U.S.C. § 287; four counts of mail fraud in violation of 18 U.S.C. § 1341; three counts of use of postal fictitious name or

address in connection with unlawful activities in violation of 18 U.S.C. § 1342; and

four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A.  McClain

has filed motions for a judgment of acquittal, for an arrest of judgment, and for a new

trial on the grounds that:

(1)     he had ineffective assistance of counsel before and during
        trial;

(2)     the evidence was insufficient to support a conviction;

(3)     the court improperly denied his request to continue the
        trial setting; and

(4)     there was juror misconduct.

McClain moved for a judgment of acquittal at the close of evidence.  That

motion was denied by the court.

II.  ANALYSIS

A.  Motion for Judgment of Acquittal

A trial court must review a Rule 29 motion for judgment of acquittal alleging

insufficient evidence by determining whether "*any* rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt."  *Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  The court will consider

the evidence, all reasonable inferences drawn therefrom, and all credibility

determinations in the light most favorable to the prosecution.  *Glasser v. United States*,

315 U.S. 60, 80 (1942); *United States v. Resio-Trejo*, 45 F.3d 907, 910-11 (5th Cir.

1995). The court's role does not extend to weighing the evidence or assessing the credibility of witnesses. *Glasser*, 315 U.S. at 80. The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence. *United States v. Salazar*, 66 F.3d 723, 728 (5th Cir. 1995); *Resio-Trejo*, 45 F.3d at 911.

The court was convinced at the time it denied the defendant's motion, and remains convinced, that the government produced sufficient evidence for a rational jury to find McClain guilty on all 14 counts. See *Jackson v. Virginia*, 443 U.S. at 318. The court rejects McClain's arguments as a basis for acquittal. Accordingly, McClain's motion for judgment of acquittal is **DENIED**.

## B. <u>Motion for a New Trial</u>

A court may grant a new trial if it is required in the interests of justice. FED. R. CRIM. P. 33(a). At trial, there was overwhelming evidence of the defendant's guilt. The interests of justice would not be served by granting a new trial.

The court is unpersuaded that juror misconduct occurred, but even if it did, raising the issue in a motion for new trial is too late. *United States v. Rivera*, 295 F.3d 461, 470-71 (5th Cir. 2002) ("Counsel may not permit juror misconduct . . . to go unnoticed, thereby sewing a defect into the trial, and later claim its benefit"). See also *Garcia v. Murphy Pacific Marine Salvaging Company*, 476 F.2d 303, 306 n.2 (5th

Cir. 1973) ("a party, with knowledge of a juror's misconduct, must make a timely objection and is not permitted to take his chances on a favorable verdict and if unfavorable get a second bite of the apple.").

McClain also makes many claims of ineffective assistance of counsel, but there is no record support for these claims. "In general, the appropriate place to raise an ineffective assistance of counsel claim is in a 28 U.S.C. § 2255 motion." *United States v. Dominquez-Betancourt*, 254 F.3d 1082, 2001 WL 564163 at *1 (5th Cir. May 18, 2001). Lacking record support, these claims do not warrant a new trial.

Accordingly, McClain's motion for a new trial is **DENIED**.

C.  <u>Motion for Arrest of Judgment</u>

Pursuant to Rule 34, the defendant is entitled to an arrest of judgment only upon a showing that the indictment did not charge an offense or that the court lacked jurisdiction over the charged offense. McClain has failed to advance any basis for such a finding. The court has jurisdiction over counts 1 through 14 because each of the offenses are crimes against the laws of the United States. 18 U.S.C. § 3231. As a result, the motion is **DENIED**.

**SO ORDERED**.

July 28, 2006.

_____
A. JOE FISH
CHIEF JUDGE